IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 05-10 Erie |
| | ) | |
| CHRISTOPHER JAMES BARR | ) | |

**GOVERNMENT'S OBJECTION TO THE PRESENTENCE REPORT**

AND NOW comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold, Assistant United States Attorney for said District, and avers as follows:

**Paragraph 30**

The government contends that the presentence report mistakenly applies a base offense level of 20 to Barr's 18 U.S.C. § 844(i) arson conviction. Pursuant to U.S.S.G. § 2K1.4(a)(1), Barr's base offense level is 24 because the conduct at issue involved the "destruction or attempted destruction" of a "place of public use." Application Note 1 for U.S.S.G. § 2K1.4 advises that the definition of the phrase "place of public use" has the meaning provided at 18 U.S.C. § 2332f(e)(6). That section indicates that "place of public use" means:

> those parts of any building, land, street, waterway, or other location that are accessible or open to members of the public, whether continuously, periodically, or occasionally, and encompasses any commercial, business, cultural, historical, educational, religious, governmental, entertainment,

>recreational, or similar place that is so accessible or open to the public.

18 U.S.C. § 2332f(e)(6).

Here, the Heist Furniture Store was unquestionably a "commercial business" that was open to the public during normal business hours when Barr and Kiser burned it to the ground. Therefore, under the plain language of U.S.S.G. § 2K1.4, Barr's base offense level should be 24.

>Respectfully submitted,
>
>MARY BETH BUCHANAN
>United States Attorney
>
>
>s/Christian A. Trabold
>CHRISTIAN A. TRABOLD
>Assistant U.S. Attorney
>PA ID No. 75013